Stuart M. Richter (CA126231)
E-mail: stuart.richter@kattenlaw.com
Andrew J. Demko (CA247320)
E-mail: andrew.demko@kattenlaw.com
James E. Payer (CA292158)
E-mail: james.payer@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendants RadNet Management, Inc.; RadNet, Inc.; Beverly Radiology Medical Group III; Pronet Imaging Medical Group, Inc.; Breastlink Medical Group, Inc.; and Beverly Radiology Medical Group, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EDWARD SIMON, DC, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>RADNET MANAGEMENT, INC., *etc., et al.,*<br><br>          Defendants. | Case No. 2:14-cv-7997-BRO (PJWx)<br><br>**Judge Beverly Reid O'Connell**<br><br>**CLASS ACTION**<br><br>**Order on Stipulation For Protective Order** |

Plaintiff Edward Simon, DC ("Plaintiff") and Defendants RadNet Management, Inc., RadNet, Inc., Beverly Radiology Medical Group III, Pronet Imaging Medical Group, Inc., Breastlink Medical Group, Inc., and Beverly Radiology Medical Group, Inc. (collectively "Defendants"), through their undersigned counsel, hereby stipulate to the following Protective Order:

## PROTECTIVE ORDER

1. The following terms shall have the following meanings herein:

(a) <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of Protected Material.

(b) <u>Confidential Information</u>:  any item, information or document (regardless of how it is generated, stored or maintained) or tangible things that qualify for confidential treatment under standards developed under Fed. R. Civ. P. 26(c).  Nothing contained herein is intended to alter such standards.

(c) <u>Counsel</u>:  attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this action on behalf such Party, or are affiliated with a law firm that has appeared on behalf of such Party.

(d) <u>Designating Party</u>:  a Party or Non-Party that designates Protected Material that it produces in disclosures or responses to discovery in this action, including depositions and evidence submitted in support of court filings or for trial, as "CONFIDENTIAL."

   (e) <u>Disclosure or Discovery Material</u>:  any item, information or document, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things) that is produced or generated in disclosures or responses to discovery in this action, including depositions and evidence submitted in support of court filings or for trial.

   (f) <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   (g) <u>Party</u>:  any party to this action.

   (h) <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

   (i) <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated by a Party or Non-Party as "CONFIDENTIAL."

   (j) <u>Receiving Party</u>:  means a Party that receives Protected Material from a Designating Party.

  2. Protected Material produced in this litigation shall be used solely for the purposes of this lawsuit and for no other purpose.  The restrictions herein on the use and disclosure of Protected Material shall apply to any documents or materials that incorporate, summarize, refer to, or contain Protected Material including, but not limited to, responses to discovery requests, deposition testimony and exhibits.  This Protective Order shall apply to the production of all Protected Material,

whether or not such information is informally produced or produced in response to a formal discovery request or a court order in the action.

3.  Any Protected Material shall not be disclosed to any person or entity other than:

(a) Counsel and persons in their employ who are assisting in the conduct of this litigation and service vendors of Counsel (including copy services, electronic document vendors, data base managers and litigation support services);

(b) Officers, directors, or employees of the Receiving Party, including in-house counsel, who are actively engaged in assisting in the conduct of this litigation;

(c) A putative class member if the Confidential Information is about such putative class member;

(d) Consultants and experts (and their professional staffs) who are retained by a Party or its Counsel to furnish services in connection with this action, who have signed the "Acknowledgement of Protective Order and Agreement to be Bound" (Exhibit A);

(e) Trial and appellate courts for this action, any mediator appointed in this action or agreed to by each Party, and the respective personnel of each of the foregoing;

(f) Court reporters, videographers and necessary support personnel

of the foregoing to the extent necessary to transcribe the deposition testimony and identify exhibits marked in the course of the deposition.

(g) During their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement of Protective Order and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

If a party wishes to disclose any Confidential Information to any person not described in paragraph 3 (a)-(h) above, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, the Court orders otherwise. However, each Party may disclose its own Confidential Information without regard to this Protective Order, such disclosure not constituting a waiver.

4. A Receiving Party receiving Protected Material pursuant to this Protective Order shall not disclose such Protected Material to any person to whom disclosure is not authorized by the terms of this Protective Order, and shall not make any other disclosure of such Protected Material for any purpose whatsoever, commercial or otherwise. Protected Material shall not be used by any Receiving

Party except in connection with the conduct of this litigation.  Use by any person of Protected Material for any purpose other than the conduct of this litigation shall be a violation of this Protective Order.

5. A Receiving Party receiving Protected Material pursuant to this Protective Order shall maintain such Protected Material in a secure and safe area, and the Receiving Party shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Protected Material so that this is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.  Counsel shall maintain the originals of the forms of Exhibit A signed by persons acknowledging their obligations under this Protective Order for a period of one year after dismissal of the action, the entry of a final judgment and/or the conclusion of any appeals arising therefrom, whichever is later.

6. <u>Designating Protected Material</u>

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly

1  notify all other Parties that it is withdrawing the mistaken designation.

2

3          6.2     <u>Manner and Timing of Designations</u>.  Except as otherwise
4  provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure
5  or Discovery Material that qualifies for protection under this Protective Order must
6  be clearly so designated before the material is disclosed or produced.  Designation in
7  conformity with this Protective Order requires:

8

9          (a)     <u>for information in documentary form</u> (e.g., paper or
10 electronic documents, but excluding transcripts of depositions or other pretrial or
11 trial proceedings), that the Producing Party affixed the legend "CONFIDENTIAL"
12 to each page that contains protected material.  If only a portion or portions of the
13 material on a page qualifies for protection, the Designating Party also must clearly
14 identify the protected portion(s) (e.g., by making appropriate markings in the
15 margins).  A Party or Non-Party that makes original documents or materials
16 available for inspection need not designate them for protection until after the
17 inspecting party has indicated which material it would like copied and produced.
18 During the inspection and before the designation, all of the material made available
19 for inspection shall be deemed "CONFIDENTIAL."  After the inspecting party has
20 identified the documents it wants copied and produced, the Producing Party must
21 determine which documents, or portions thereof, qualify for protection under this
22 Protective Order.  Then, before producing the specified documents, the Producing
23 Party must affix the "CONFIDENTIAL" legend to each page that contains Protected
24 Material.  If only a portion or portions of the material on a page qualifies for
25 protection, the Producing Party also must clearly identify the protected portion(s)
26 (e.g., by making appropriate markings in the margins).

27
28

        (b)    <u>for testimony given in a deposition or in other pretrial or trial proceedings</u>, that the Designating Party identified on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affixed in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

      6.4    This Protective Order is entered, inter alia, pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Designating Party inadvertently discloses information in connection with the pending litigation to another Party that the Designating Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Designating Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this

proceeding or in any other federal or state proceeding.

6.5     A Designating Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph (c)—within five business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within five business days after assertion of attorney-client privilege or work product protection with respect to Disclosed Protected Information, the Designating Party must produce a privilege log with respect to the Disclosed Protected Information.

6.6     If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within fourteen business days of receipt of written notice from the Producing Party — file and serve a motion to compel disclosure of the Disclosed Protected Information (a " Motion to Compel").  The Receiving Party must seek to file the Motion to Compel under seal. Pending resolution of the Motion to Compel, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

6.7     The Parties may stipulate to extend the time periods set forth in sub-paragraphs 6.5 and 6.6.

6.8     Disclosed Protected Information that is sought to be reclaimed by a Designating Party pursuant to this Protective Order shall not be used as grounds

- 8 -
STIPULATION FOR PROTECTIVE ORDER

2:14-cv-7997-BRO (PJWx)

by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

      6.9     The Designating Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.

      6.10     Nothing in this Protective Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Designating Party to do so.

      7.     <u>Challenging Confidentiality Designations</u>

      7.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the

Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of this notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      7.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in paragraph 7.2 above.  Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation within 14 days if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in paragraph 7.2 above.

      The burden of persuasion in any such challenge proceeding shall be on

1  the Designating Party.  Frivolous challenges, and those made for an improper
2  purpose (e.g., to harass or impose unnecessary expenses and burdens on other
3  parties) may expose the Challenging Party to sanctions.  Unless the Designating
4  Party has waived the confidentiality designation by failing to file a motion to retain
5  confidentiality as described above, all parties shall continue to afford the material in
6  question the level of protection to which it is entitled under the Designating Party's
7  designation until the Court rules on the challenge.

9       8.     Nothing in this Protective Order shall bar Counsel from rendering
10 advice to their client(s) with respect to this litigation and, in the course thereof,
11 relying upon any Protected Material, provided that the Protected Material itself shall
12 not be disclosed except under to the terms of this Protective Order.

14      9.     This Protective Order shall be without prejudice to the right of any
15 Party to oppose production of any information for lack of relevance or any other
16 ground other than the mere presence of Confidential Information.  The existence of
17 this Protective Order shall not be used by any Party as a basis for discovery that is
18 otherwise not proper under the Fed. R. Civ. P., or any applicable local rules or
19 orders of the Court.

21      10.    Without written permission from the Designating Party or a court order
22 secured after appropriate notice to all interested persons, a Party may not file in the
23 public record in this action any Protected Material. A Party that seeks to file under
24 seal any Protected Material must comply with L.R. 79-5. Protected Material may
25 only be filed under seal pursuant to a court order authorizing the sealing of the
26 specific Protected Material at issue. Pursuant to  L.R. 79-5, a sealing order will issue
27 only upon a request establishing that the Protected Material at issue is privileged,
28

1  protectable as a trade secret, or otherwise entitled to protection under the law. If a
2  Receiving Party's request to file Protected Material under seal pursuant to L.R. 79-5
3  is denied by the court, then the Receiving Party may file the information in the
4  public record pursuant to L.R. 79-5 unless otherwise instructed by the court.

6       11.    If a Party is served with a subpoena or a court order issued in other
7  litigation that compel disclosure of any information or items designated in this
8  action as "CONFIDENTIAL," that Party must:

10      (a)    promptly notify in writing the Designating Party.  Such
11 notification shall include a copy of the subpoena or court order;

13      (b)    promptly notify in writing the party who caused the subpoena or
14 order to issue in the other litigation that some or all of the information covered by
15 the subpoena or order is subject to this Protective Order.  Such notification include a
16 copy of this Protective Order; and

18      (c)    cooperate with respect to all reasonable procedures sought to be
19 pursued by the Designating Party whose Protected Material may be affected.

21      If the Designating Party timely seeks a protective order, the Party
22 served with the subpoena or court order shall not produce any information
23 designated in this action as "CONFIDENTIAL" before a determination by the court
24 from which the subpoena or order issued, unless the Party has obtained the
25 Designating Party's permission.  The Designating Party shall bear the burden and
26 expense of seeking protection in that court of its confidential material and nothing in
27 these provisions should be construed as authorizing or encouraging a Receiving

Party in this action to disobey a lawful directive from another court.

12. This Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own information.

13. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after the termination of this action for the purpose of enforcing this Protective Order. This Protective Order shall, absent written permission of the pertinent party or parties or further order of this Court, survive the conclusion of this action, including without limitation any appeals therefrom. The Court may modify this Protective Order on its own motion or upon motion by any party.

14. Unless otherwise ordered by the Court or agreed in writing by the Designating Party, after the final termination of the above-captioned action, including any appeals, upon the written request of a Designing Party, the Receiving Party return or destroy of any or all of the Designating Party's Protected Material within sixty (60) calendar days of such request and the Receiving Party must submit a written certification to the Designating Party that all Confidential Information was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding the above requirements to return or destroy documents, a Party's counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of the Protected Material, and (2) one complete set of all documents filed with the Court including those filed under seal. Also notwithstanding the above requirements to return or destroy document, the

Receiving Party and its counsel shall not be required to locate, isolate, return or destroy emails (including attachments to emails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports. Any retained Protected Material shall continue to be protected under this Protective Order.

15. In the event that additional persons become Parties to this action, they shall not have access to Protected Material until the newly joined party or its counsel of record confirms in writing that it agrees to be bound by the terms of this Protective Order.

16. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

17. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if the Court had entered the Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

| | | |
|---|---|---|
| 1 | Dated:  March 16, 2015 | KATTEN MUCHIN ROSENMAN LLP |
| 2 | | |
| 3 | | By:         /s/ Stuart M. Richter         |
| 4 | | Stuart M. Richter |
| | | Attorneys for Defendants RADNET |
| 5 | | MANAGEMENT, INC.; RADNET, INC.; |
| | | BEVERLY RADIOLOGY MEDICAL GROUP III; |
| 6 | | PRONET IMAGING MEDICAL GROUP, INC.; |
| 7 | | BREASTLINK MEDICAL GROUP, INC.; and |
| | | BEVERLY RADIOLOGY MEDICAL GROUP, |
| 8 | | INC. |
| 9 | | |
| 10 | Dated:  March 16, 2015 | LAW OFFICES OF SCOTT Z. ZIMMERMANN |
| | | and |
| 11 | | PAYNE & FEARS LLP |
| 12 | | |
| | | By:         /s/ Scott Z. Zimmermann         |
| 13 | | Scott Z. Zimmermann |
| 14 | | Attorneys for Plaintiff EDWARD SIMON, DC, and for all others similarly situated |
| 15 | | |
| 16 | | |
| 17 | DATED:  _March 23, 2015 | *[signature: Patrick J. Walsh]* |
| 18 | | |
| 19 | | Hon. Patrick J. Walsh |
| 20 | | United States Magistrate Judge |

- 15 -
STIPULATION FOR PROTECTIVE ORDER

2:14-cv-7997-BRO (PJWx)

US_102266830v1_385982-00001 3/20/2015 2:43 PM

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____, declare that:

1. My address is _____.

2. My present occupation is _____, and I am employed by _____.

3. I have received a copy of the Protective Order in this action, and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in paragraph 3 thereof as being able to be given access to Protected Material.

4. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit any Protected Material that I receive in this action, except to the extent that such Protected Material is or becomes public domain information or otherwise is not deemed Confidential Information in accordance with the Protective Order.

5. I agree to subject myself personally to the jurisdiction of the United States District Court for the Central District of California, or any other Court to which the case may be transferred, for the purpose of proceedings relating to my performance under, compliance with, or violations of this Protective Order.

6. I understand that disclosure of Protected Material in violation of this Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____